IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James Short,<br><br>        Plaintiff,<br><br>   v.<br><br>John Varga, et al,<br><br>        Defendants. | Case No. 3:19-cv-50051<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Short, a former inmate at Dixon Correctional Center, brings this action against the former warden, John Varga, as well as Dr. David Ludford, Dr. Merrill Zahtz, and Wexford Health Sources. Warden Varga now moves the Court, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings. "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Generally, the standard on a Rule 12(c) motion for judgment on the pleadings is the same as the standard on a Rule 12(b)(6) motion for failure to state a claim. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020). The Court accepts as true all the plaintiff's well-pleaded allegations and views them in the light most favorable to the plaintiff. *Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). If those well-pleaded allegations allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the plaintiff has stated a claim. *Ashcroft v. Iqbal*, 566 U.S. 622, 678 (2009); *see also Bell Atl.*

1

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (explaining that the plaintiff must have alleged facts sufficient to "state a claim to relief that is plausible on its face"). Here, Warden Varga contends that Short failed to plead the Warden's personal involvement in any alleged constitutional violation. Dkt. 92, at 1.

In *Gevas v. Mitchell*, the Seventh Circuit affirmed dismissal because "Gevas allege[d] no personal involvement by the warden outside of the grievance process." 492 F. App'x 654, 660 (7th Cir. 2012). Nonmedical defendants can generally rely on the medical treatment decisions made by medical personnel. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). In *Arnett*, Arnett alleged that he complained to a nonmedical defendant "two to three times a week," and that the nonmedical defendant told him, "Go talk to Blanc" (a medical professional). *Arnett*, 658 F.3d at 755. In holding that Arnett failed to state a claim, the Seventh Circuit reiterated that "a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Id.* Citing *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005), the court further explained that a different result may be warranted if the nonmedical prison official ignored the inmate's complaints entirely, rather than referring him to medical staff. *Id.*

And in *Owens v. Godinez*, Owens appealed the district court's dismissal of his claims against the prison grievance officers and counselors, who he alleged had ignored his "administrative complaints and appeals." 860 F.3d 434, 438 (7th Cir. 2017). The Seventh Circuit reiterated, "We already have told him, however, that the mishandling of his 'grievances by persons who otherwise did not cause or

2

participate in the underlying conduct states no claim.'" *Id.* (quoting *Owens v. Hensley*, 635 F.3d 950, 953–54 (7th Cir. 2011)).

In *Daval v. Zahtz*, this Court granted Warden Varga's motion to dismiss. No. 3:19-cv-50147, 2021 U.S. Dist. LEXIS 97314, at *25–28 (N.D. Ill. May 24, 2021). There, Daval asserted that Warden Varga was aware of his need for urgent treatment and did nothing about it. His only factual allegation in support, however, referenced Warden Varga's involvement in the grievance process. *See also Banks v. Wexford Health Sources, Inc.*, No. 18-cv-50282, 2020 U.S. Dist. LEXIS 40149, at *16–18 (N.D. Ill. Mar. 9, 2020) ("Accordingly, Varga's refusal to classify grievances as emergencies cannot establish his personal involvement in Banks's medical care."). In *Hogue v. Varga*, however, this Court denied Warden Varga's motion to dismiss because Hogue had alleged more. No. 3:19-cv-50151, 2021 U.S. Dist. LEXIS 50175, at *11 (N.D. Ill. Mar. 17, 2021). Hogue was allegedly forced to move into a housing unit that was unsuitable to his disability needs. He was legally blind, and the housing unit required him to climb stairs. He alleged that he complained directly to Warden Varga and that a correctional officer later told him that the move order came from the top, which Hogue reasonably interpreted to mean that the order came from Warden Varga. *Id.* at *5, 11. Taking those allegations as true, this Court determined that Hogue had pleaded sufficient personal involvement outside of the grievance process and denied the Warden's motion to dismiss. *Id.* at 11.

3

Here, Short sues Warden Varga in his individual capacity, and so he must allege how the Warden was personally involved in the alleged constitutional violation. Dkt. 51, ¶ 2. In 2017, Short "began to experience chronic, recurring and painful headaches as well as sensitivity to light." *Id.* ¶ 10. Later, Dr. Ludford diagnosed him with glaucoma. *Id.* ¶ 13. Significant delays in treatment later, Short is now "permanently injured and disabled as he currently suffers from total blindness in his right eye with continued headaches." *Id.* ¶ 29. In conclusory fashion, Short alleges that Varga knew about his serious medical needs and was deliberately indifference to his requests for treatment by taking inadequate steps to address those needs. *Id.* ¶¶ 37–38. He alleges no facts to support any of those conclusions. To be sure, IDOC wardens are involved in the grievance process. But even that involvement, as explained above, is not enough to constitute personal involvement. And Short doesn't even allege the Warden's involvement in any grievance.

Short argues in response that his allegations are similar to *Hogue*, in which this Court denied the Warden's motion to dismiss. Not so. Hogue alleged that he complained directly to Warden Varga, and that a correctional officer later told him that the order to move him to Housing Unit 66, came from the top. Short, on the other hand, alleges no facts to support his contention that Warden Varga was personally involved.

4

For these reasons, the Court grants Warden Varga's motion for judgment on the pleadings [92].

Date: August 3, 2021

_____
Honorable Iain D. Johnston
United States District Judge